1

2

3

4

5

6

7

8

9 **IN THE UNITED STATES DISTRICT COURT**

10 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12 RAUL GONZALEZ,                                    CASE NO. CV-F-05-1123 AWI LJO

13                    Plaintiff,                    **FIRST INFORMATIONAL ORDER**

14         vs.

15 U.S. IMMIGRATION & NATURALIZATION
   SERVICES, et al.,
16
                   Defendants.
17 _____/

18         Plaintiff Raul Gonzalez ("plaintiff") is incarcerated and proceeds pro se in this action.

19         In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and

20 the Local Rules of the United States District Court, Eastern District of California ("Local Rules").  This

21 order highlights specific rules of which the parties should take particular note.  **Failure to comply with**

22 **the Local Rules, federal rules or a court order, including this order, will be grounds for dismissal**

23 **or other appropriate sanctions.**  *See* Local Rule 11-110; F.R.Civ.P. 41(b).

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1

1          1.          Documents intended to be filed with the Court must be mailed to the Clerk of the Court.

2  *See* Local Rule 5-133(d)(1).  **All documents improperly mailed to a judge's chambers will be**

3  **stricken from the record.**[1]  A document requesting a Court order must be styled as a motion.  *See*

4  F.R.Civ.P. 7.

5          2.          Each document submitted for filing must include the original signature of the filing party

6  or parties.  Local Rule 7-131; F.R.Civ.P. 11(a).  **All documents submitted without the required**

7  **signature(s) will be stricken.**  Each separate document must be separately stapled.  *See* Local Rule 7-

8  130.  If a document is stapled behind another document, it will not be filed and will not be entered on

9  this Court's docket.

10          3.          All documents filed with the Court must be submitted with an additional legible

11  conformed copy for the Court's use.  *See* Local Rule 5-133(d)(2).  **A document submitted without an**

12  **extra copy for the Court's use will be stricken.**  If the filing party wishes the Court to return a file-

13  stamped copy, he or she must include an additional copy for that purpose (i.e., submit an original and

14  two copies, one for the Court's use and one to be returned).  **The Court cannot provide copy or**

15  **mailing service for a party**, even for an indigent plaintiff proceeding in forma pauperis.  Therefore, if

16  the filing party wishes a file-stamped copy returned, the party must also provide an envelope with

17  adequate postage pre-paid.  Copies of documents from the Court file may be obtained at the cost of 50

18  cents per page.

19          4.          After any defendants have appeared in an action by filing a pleading responsive to the

20  complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a

21  certificate of service stating that a copy of the document was served on the opposing party.  *See*

22  F.R.Civ.P. 5; Local Rule 5-135.  **A document submitted without the required proof of service will**

23  **be stricken**.  Where a party is represented, service on the party's attorney of record constitutes effective

24  service.  A sample of a proper proof of service is attached hereto.

25          5.          All filings must bear the file number assigned to the action, followed by the initials of

26  the District Court Judge and the Magistrate Judge to whom the case is assigned.  Where plaintiff

27

28          [1]          When a document is stricken, it becomes a nullity and is not considered by the Court for any purposes.

1   simultaneously pursues more than one action, he or she must file separate original documents and the

2   appropriate number of copies in each action to which the document pertains. **Documents submitted**

3   **listing more than one case number in the caption will be stricken.**

4         6.      The Court cannot serve as a repository for the parties' evidence (i.e., prison or medical

5   records, witness affidavits, etc.). The parties may not file evidence with the Court until the course of

6   litigation brings the evidence into question (for example, on a motion for summary judgment, at trial,

7   or when requested by the Court). **Evidence improperly submitted to the Court will be stricken and**

8   **returned to the party.**

9         7.      No discovery may be propounded to a defendant until it files an answer. Discovery

10  propounded on a party is self-executing, and must be served directly on the party from whom discovery

11  is sought; parties should not file copies of their discovery with the Court. *See* Local Rule 36-250(d).

12  **Discovery documents inappropriately submitted to the court will be stricken.** Where the response

13  to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery,

14  including a copy of the discovery propounded and the response thereto. *See* F.R.Civ.P. 37.

15        8.      Because plaintiff is incarcerated and proceeds in propria persona, all pretrial motions will

16  be submitted without a hearing. *See* Local Rule 78-230(m). The parties are referred to Local Rule 78-

17  230(m) for the briefing schedule on motions. Should plaintiff be released from custody during the

18  pendency of this action, the parties are advised that motions shall still be submitted without a hearing

19  pursuant to Local Rule 78-230(h). However, if plaintiff is not incarcerated **and** proceeding with counsel,

20  motions should be set for hearing pursuant to the general rules governing civil law and motion.

21        9.      All Court deadlines will be strictly enforced. Requests for time extensions must state the

22  reason the extension is needed and must be filed with the Court before the deadline in question. *See*

23  Local Rule 6-144.

24        10.     A plaintiff proceeding in propria persona has an affirmative duty to keep the Court and

25  opposing parties informed of his or her current address. If a plaintiff moves and fails to file a notice of

26  change of address, service of Court orders at plaintiff's prior address shall constitute effective notice.

27  *See* Local Rule 83-183(b). If mail directed to plaintiff is returned by the U.S. Postal Service as

28  undeliverable, the Court will not attempt to remail it. **If the address is not updated within 60 days**

1   **of the mail being returned, the action will be dismissed for failure to prosecute**. *See* Local Rule 83-

2   183(b).

3         11.      Due to the press of business, the Court cannot respond to individual requests for the

4   status of cases. Any such requests will be denied.  So long as the parties inform the Court of any address

5   changes in compliance with Local Rule 83-183(b), the Court will notify the parties of any Court action

6   taken in their case.

7         IT IS SO ORDERED.

8   **Dated:     September 7, 2005**                    ___/s/ Lawrence J. O'Neill___
    66h44d                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28