1
2
3
4
5
6
7
8
9

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GONZALEZ, | CASE NO. CV-F-05-1123 AWI LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| vs. | |
| U.S. IMMIGRATION & NATURALIZATION SERVICES, et al., | |
| Defendants. | |

## BACKGROUND

Plaintiff Raul Gonzalez ("plaintiff") is incarcerated and proceeds pro se and in forma pauperis in this civil rights. On August 8, 2005, plaintiff filed his complaint in the U.S. District Court, Northern District of California, and plaintiff's action was recently transferred to this Court. The complaint's caption lists as defendants U.S. Inmigration (sic) & Naturalization Services, J. Krahser and Associates. The portion of the complaint to list defendants includes J. Krasher, supervisor and officers #1-3 of Fresno Inmigration (sic) & Naturalization Services.

The complaint alleges:

On Jan. 2000 Mr. J. Krasher & Associates invaded my aunts (sic) apt w/out permission violating every constitutional right discriminating, harrassing & threatening my mom accusing her of harboring a fugitive "me." I was arrested! Denied my right to due

process of law. "No Miranda rights." Was forced & threatened by force to sign & surrender fingerprints.

The complaint further alleges that Mr. J. Krasher was searching for plaintiff's mother at the home of plaintiff's sister.

For relief, the complaint seeks respect for plaintiff's constitutional rights "as well as my family to be at peace in their homes."

## DISCUSSION

### Standards For Screening

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This Court must dismiss a complaint, or portion thereof, which "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) and (2). Moreover, "[a] trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2005) Attacking the Pleadings, para. 9:226.1, pp. 9-65. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke,* 490

U.S. at 325; *Franklin*, 745 F.2d at 1227-1228.  A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits.  A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases.  *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss a case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

As further explained below, the complaint demonstrates plaintiff is entitled to offer no evidence to support its untenable, invalid claims.

**The Complaint's General Deficiencies**

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

(a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall

3

contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

. . .

  (e) Pleading to be Concise and Direct; Consistency.

  (1) Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).

Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. Here, the complaint fails to comply with F.R.Civ.P. 8(a)(2) to provide fair notice of claims against a defendant and to demonstrate plaintiff is entitled to relief as to a defendant. The complaint fails to clearly identify defendants other than J. Krasher. The complaint fails to set forth specific acts, omissions or wrongs a defendant. The complaint fails to allege with any degree of particularity specific wrongful overt acts of a defendant and in turn, resulting damages from a defendant's overt wrongful acts. Moreover, the complaint fails to seek specific relief which this Court is able to award.

### ***Bivens* Claims' Merits**

The complaint appears to allege claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Under the doctrine of sovereign immunity, a *Bivens* action will not lie against the United States, its agencies, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471,

486 (1994); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995). To the extent that federal officers are sued in their official capacity, such claims are barred by the doctrine of sovereign immunity. *Gilbert v. DaCrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Although sovereign immunity does not bar damages actions against federal officials in their individual capacities, an individual may not be held liable in a *Bivens* action on the theory respondeat superior. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted).

Based on the complaint, defendants are sued in their official capacities and are entitled to sovereign immunity.

Moreover, there must be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right . . . if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to a defendant and to articulate how a defendant deprived plaintiff of constitutional rights and resulting harm.

### *Bivens* Claim – Statute Of Limitations

The complaint raises statute of limitations issues because it focuses on alleged actions in January 2000. Actions under 42 U.S.C. § 1983 and *Bivens* are identical except for the replacement of a state actor under 42 U.S.C. § 1983 by a federal actor under *Bivens*. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (borrowing state personal injury statute of limitations for *Bivens* action).

Without a federal limitations period, federal courts borrow for section 1983/*Bivens* claims the statute of limitations applicable to personal injury claims in the forum state. *See Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Section 1983/*Bivens* claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985). Applying state law in effect in 2000 (Cal. Code Civ. Proc., § 340(3)), claims brought under section 1983/*Bivens* and which arise in California are generally barred if not brought within one year from the date they accrue. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Elliot v. City of Union City*, 25

1  F.3d 800, 802 (9th Cir. 1994); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990); *see also Taylor
2  v. Regents of University of California*, 993 F.2d 710, 711 (9th Cir. 1993); *Donoghue v. County of
3  Orange*, 828 F.2d 1432, 1436 (9th Cir. 1987).

4      Federal law "determines when a federal cause of action accrues, despite the fact that state law
5  determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160,
6  1163 (9th Cir. 1999) (quoting *Williams v. UNUM Life Ins. Co. of America*, 113 F.3d 1108, 1111 (9th Cir.
7  1997)); *Elliott*, 25 F.3d at 801-802. Under federal law, a claim accrues when the plaintiff knows or has
8  reason to know of the injury which is the basis of the action. *Tworivers*, 174 F.3d at 991; *Kimes v.
9  Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

10     The complaint suggests plaintiff knew or had reason to know of alleged wrongs as early as
11 January 2000. As such, the complaint is susceptible to statute of limitations defenses. Sua sponte
12 dismissal by this Court is appropriate where it appears from the face of the complaint that an action is
13 barred by the statute of limitations. *See Baker v. Cuomo*, 58 F.3d 814 (2d Cir. 1995); *Pino v. Ryan*, 49
14 F.3d 51 (2d Cir. 1995); *Franklin v. State of Oregon*, 563 F. Supp. 1310 (D. Or. 1983).

15     **Standing And Real Party In Interest**

16     To highlight the complaint's lack of clarity, plaintiff appears to pursue claims for his family
17 members. All documents filed with this Court must bear the original signature of the filing party or
18 parties. *See* F.R.Civ.P. 11; Local Rule 7-131(b). Plaintiff only signed the complaint and lacks standing
19 and is not a real party in interest to pursue claims for his family members.

20     The constitutional requirements for standing emanate from Article III, section 2 of the United
21 States Constitution, which grants federal courts jurisdiction over "cases" and "controversies." *Kardules
22 v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996). "It is the responsibility of the complainant
23 clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute
24 and exercise of the court's remedial powers." *Warth v. Seldin*, 430 U.S. 490, 518, 95 S.Ct. 2197 (1975).
25 To invoke standing, a plaintiff must allege "(a) a particularized injury (b) concretely and demonstrably
26 resulting from defendant's action (c) which injury will be redressed by the remedies sought." *Bowker
27 v. Morton*, 541 F.2d 1347, 1349 (9th Cir. 1976).

28     "At an irreducible minimum, Article III requires that the plaintiff show that he has personally

suffered some actual or threatened injury as a result of defendant's illegal conduct . . . and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Fair v. United States Envir. Protection Agency*, 795 F.2d 851, 853 (9th Cir. 1986) (citation omitted; quoting *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1925 (1975) (standing is a constitutional limitation of federal court jurisdiction to actual cases or controversies and absent a showing of standing, an exercise of federal court power would be inconsistent with Article III limitations)). "Pecuniary injury is a sufficient basis for standing." *Fair*, 795 F.2d at 853; *see Barlow v. Collins*, 397 U.S. 159, 163-164, 90 S.Ct. 832, 835-836 (1970).

Standing and real-party-in-interest questions overlap to the extent they ask whether the plaintiff has a personal interest in the controversy. *Whelan v. Abell*, 953 F.2d 663, 672 (D.C.), *cert. denied*, 506 U.S. 906, 113 S.Ct. 300 (1992). F.R.Civ.P. 17(a) addresses real party in interest and provides in pertinent part: " Every action shall be prosecuted in the name of the real party in interest." "Rule 17(a) is designed to ensure that lawsuits are brought in the name of the party possessing the substantive right at issue." *Klamath-Lake Pharmaceutical Association v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1282 (9th Cir. 1983). F.R.Civ.P. 17(a)'s function "is simply to protect the defendant against [a] subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." F.R.Civ.P. Adv. Comm. Note.

The complaint fails to allege facts to demonstrate that plaintiff is a proper party to invoke judicial resolution of a dispute as to his family members and to exercise this Court's remedial powers as to his family members. The complaint fails to allege plaintiff suffered actual or threatened injury as a result of a defendant's illegal conduct. The complaint fails to establish plaintiff possesses substantive rights as to his family members.

### **Malice**

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex defendants. Such attempt provides further grounds to dismiss plaintiff's complaint.

### **CONCLUSION AND RECOMMENDATION**

Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds

7

1  the complaint fails to satisfy pleading requirements, fails to state viable claims against defendants, and
2  an attempt at amendment is unwarranted based on the complaint's deficiencies, immunities and defenses
3  available to defendants, and plaintiff's apparent attempt to vex defendants.

4      These findings and recommendations are submitted to the district judge assigned to this action,
5  pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304.  No later than October 19, 2005,
6  plaintiff may file written objections with the Court and serve a copy on the magistrate judge in
7  compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections
8  to Magistrate Judge's Findings and Recommendations."  The district judge will then review the
9  magistrate judge's ruling pursuant to 28 U.S.C. § 636(b).  Plaintiff is advised that failure to file
10 objections within the specified time may waive the right to appeal the district court's order. *Martinez*
11 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12 **Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse**
13 **is to object to these findings and recommendations.  Plaintiff is further admonished this Court will**
14 **strike any papers to attempt to file an amended complaint unless this Court specifically grants**
15 **plaintiff permission to file an amended complaint.**

16     IT IS SO ORDERED.

17 **Dated:   September 14, 2005**               /s/ Lawrence J. O'Neill
   66h44d                                       UNITED STATES MAGISTRATE JUDGE